488 P.2d 357

In the Matter of the ESTATE of Raymond B. McCANN, Deceased.

STATE TAX COMMISSION, Plaintiff-Respondent,

v.

Edward J. McCANN, Executor of the above estate, Defendant-Appellant.

No. 10794.

Supreme Court of Idaho.

Sept. 2, 1971.

Jerry V. Smith, Lewiston, for defendant-appellant.

W. Anthony Park, Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This appeal results from proceedings for the probate of an estate in the then Probate Court of Nez Perce County. The Probate Court issued an order finding an inheritance tax liability and ordering the payment of the tax. From that Order the executor of the estate appealed to the District Court which sustained the action of the Probate Court. This appeal by the executer resulted.

The facts of the case are stipulated. Raymond B. McCann died in Nez Perce County about May 16, 1962, and probate proceedings were commenced in the then Probate Court of that county on June 11, 1962. On March 20, 1967 the State Tax Commission filed an application with the Probate Court seeking an order to show cause why the executor of the McCann estate should not be required to post a bond under the provisions of I.C. Section 14–411. Following the filing of the said application, no order to show cause was in fact issued, nor was any date fixed for a return on an order to show cause until December 20, 1968. It was not until June 14 of 1969 that the Probate Court ultimately issued an order purporting to find an inheritance tax liability and ordering the payment of that tax.

Defendant-Appellant, the executor of the estate, has refused to pay the inheritance taxes found and ordered paid by the lower courts, pleading that I.C. Section 14–405 is a statute of limitations barring any action for the collection of the tax. The lower court held that the filing of the application for a bond pursuant to I.C. Section 14–411 was sufficient to toll the otherwise bar of the statute of limitations.

I.C. Section 14–405 provides in pertinent part:

"All taxes in this act provided for shall be and remain a lien upon the property passed or transferred until paid; * * *. The limitation of time within which proceedings may be commenced for the levying, appraising, assessing, determining or enforcing collection of any tax, interest or penalty, shall be five years from the date of application to a probate court of this state for letters testamentary or of administration, * * *. Unless sued for within the time hereinabove provided after they are due and legally demandable, such taxes or any taxes accruing under the provisions hereof shall cease to be a lien as against any bona fide purchaser of said property."

I.C. Section 14–411, prior to its amendent in 1969 provided in pertinent part:

"All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within one year, no interest shall be charged or collected thereon [thereafter 10%]. And in all cases where the executors, administrators, or trustees do not pay such tax within one year from the death of the decedent, they shall be required to give a bond to be approved by the court for the payment of said tax, together with interest. The bond in all cases * * * shall be in double the amount of tax and interest. * * *"

The sole issue presented in this appeal is whether or not the filing of the application under I.C. Section 14-411 tolled the statute of limitations set forth under I.C. Section 14-405. In White v. Conference Claimants Endowment Commission of the Idaho Annual Conference of the Methodist Church et al., 81 Idaho 17, 336 P.2d 674 (1959), the court construed the language of I.C. Section 14-405. In *White* an executrix brought action for declaratory judgment. Therein the State had initiated no suit for the payment of inheritance tax within five years of the application for letters testamentary and the executrix contended that I.C. Section 14-405 is a general statute of limitations barring suit for the payment of inheritance tax without suit having been instituted within the period of five years. The court in *White* stated:

"The question narrows down to the interpretation of I.C. § 14-405 * * *.

"Elsewhere in the Act, I.C. § 14-426, full power and authority is imposed upon the tax collector, substituted for the commissioner of finance, I.C. § 63-3403(b), to enforce all the provisions of the Act, including 'to bring any suit in any court of competent jurisdiction, necessary for such administration and enforcement.' * * *

"* * *

"The legislative intent, that the 5-year limitation of I.C. § 14-405 shall run against the state, appears clear both, from I.C. § 14-426 * * *, and from I.C. § 14-405 which contemplates the bringing of such requisite action within such period of 5 years.

"* * * *

"Respondent's contention is that I.C. § 14-405 is a general and not a restricted limitation. The position of the tax collector, however, is that while I.C. § 14-405 may be a limitation, it is qualified or restricted in the sense that if no action or proceeding has been commenced for the collection of the transfer tax within the limited time therein provided * * * nevertheless the lien of the tax continues

against the property as well as does the personal liability of the executrix for payment of the tax, and that the tax ceases to be a lien only as against any bona fide purchaser of the property.

"Such position is fallacious * * *.

"* * *

"It is thus clear that I.C. § 14-405 is a general statute of limitation since it contemplates the commencement of appropriate action by and on behalf of the State within five years from the time the transfer tax becomes due and legally demandable, or from the time extended for payment thereof. The clause providing that the tax, unless so sued for, shall cease to be a lien against any bona fide purchaser of said property, constitutes *the effect* of the failure so to sue; and, though the tax continues to be a lien against the property, except as against a bona fide purchaser, the statute bars any action seeking to enforce the personal liability of decedent's personal representative or of the estate, for collection of the lien-secured debt. The lien as against the property thus becomes ineffectual since personal liability for payment of the debt becomes unenforceable by reason of the bar of the statute of limitations." (Emphasis in original)

The question in the case at bar is restricted to whether the "application" was a "proceeding" for the "levying, appraising, assessing, determining or enforcing collection of any tax." Respondent State Tax Commission cites numerous cases for the proposition that the application was a "proceeding." It is our opinion, however, that such is not determinative in the case at bar. In construing statutes, words are to be used in their normal and ordinary sense, unless some different purpose is shown. I.C. Section 73-113; Nicolaus v. Bodine, 92 Idaho 639, 448 P.2d 645 (1968); Nagel v. Hammond, 90 Idaho 96, 408 P.2d 468 (1965).

As stated in 50 Am.Jur., Statutes, § 281:

"If the disjunctive conjunction 'or' is used, the various members of the sen-

tence are to be taken separately. \* \* \* When, in the enumeration of persons or things in a statute, the conjunction is placed immediately before the last of the series, the same connective is understood between the previous members."

Therefore, an appropriate reading of I.C. § 14–405 is:

" \* \* \* The limitation of time within which proceedings may be commenced for the levying, [or] appraising, [or] assessing, [or] determining or enforcing collection of any tax \* \* \* shall be five years \* \* \*."

It is clear that the legislature intended that the collection of any inheritance tax due should be diligently pursued and sought by the State with all appropriate actions commenced within five years. As heretofore noted, I.C. Section 14–405 provides that the taxes cease to be a lien "unless sued for" within the five year period. As stated in *White*, such language has been construed to be an expression of legislative intent, to-wit: that the taxes must be "sued for" or they are lost to the State. Had the executor herein voluntarily filed the bond prior to the five year period of limitation, it could hardly be contended that such action would toll the statute since no action whatever would have been taken by the State by way of "proceeding." We note further that if the filing of the bond, either voluntarily or required, were sufficient to toll the statute of limitations, I.C. Section 14–405 would be a virtual nullity since the five year period would seldom, if ever, run. It is our opinion that the application should be construed as a request or demand for the posting of security for a tax should any tax later be determined to be due. It is not on its face or impliedly a demand for immediate payment or even payment at a later date.

Since it is our opinion that no proceeding for enforcement of the tax was commenced within the required time period, the proceeding commenced by the State Tax Commission was and is barred by the provisions of I.C. Section 14–405. The judgment of the lower court is reversed. No costs allowed.

McQUADE, C. J., and McFADDEN, DONALDSON and SPEAR, JJ., concur.